**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CARLOS BRITO,

     Plaintiff,

vs.                                            Case No. 3:17-cv-1209-J-34JBT

CITY OF JACKSONVILLE, et al.,

     Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Response to Defendant, City of Jacksonville's Motion to Dismiss (Doc. 19; Response), filed on December 21, 2017. In the Response, rather than respond to Defendant City of Jacksonville's Motion to Dismiss (Doc. 14; Motion to Dismiss), Plaintiff requests leave to amend his complaint "to more accurately capture the issues in the pending State Court Case and also address any remaining issues identified in the Defendant's Motion to Dismiss." See Response at 1. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g),

United States District Court, Middle District of Florida (Local Rule(s)).  Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court.  See Local Rule 3.01(a).  Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested.  See Local Rule 3.01(g).  While Plaintiff indicates in the Response that Defendant City of Jacksonville does not oppose the relief requested, see Response at 2, he does not set forth the position of the other Defendants.  In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."  Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same).  Thus, the Court will not entertain Plaintiff's request for relief included in the Response.  Plaintiff is advised that, if he wishes to pursue such relief, he is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.[1]

**ORDERED**:

---

[1] The Court notes that Plaintiff attached a proposed order to his Response.  See Response, Ex. 1.  Plaintiff is cautioned that the filing of a proposed order is improper unless specifically authorized by the Court.  See Administrative Procedures for Electronic Filing ¶ IV(A)(4) ("No proposed order or judgment may be submitted unless authorized by the assigned judge.").

1. To the extent that he requests affirmative relief from the Court, Plaintiff's Response to Defendant, City of Jacksonville's Motion to Dismiss (Doc. 19) is **DENIED without prejudice**.

2. Plaintiff shall have up to and including **January 16, 2018**, to file an appropriate motion for leave to amend the complaint.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of January, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record